**UNITED STATES of America, Appellee,**

v.

**Dennis FORBES, Defendant–Appellant.**

**No. 02–1120.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2003.

M. Kirk Okay, The Okay Law Firm, Batavia, NY, for Appellant.

Frank H. Sherman, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney), Rochester, NY, for Appellee, of counsel.

Present: LEVAL, SACK, Circuit Judges, and KORMAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of district court be, and it hereby is, AFFIRMED.

Defendant-appellant Dennis Forbes appeals from an order of October 19, 2001, denying his motion to withdraw his guilty plea to a charge under 18 U.S.C. § 922(g)(1) of possession of a firearm that had been shipped or transported in interstate commerce by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.

We review a district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion, *United States v. Gregory*, 245 F.3d 160, 164 (2d Cir.2001). We find no basis for Forbes's assertion that the district court abused its discretion in this case. Although Forbes now suggests that his plea was not knowing and voluntary because he was confused as to the charge he was pleading to during the allocution, our review of the transcript of the allocution discloses no such confusion. Nor do we conclude, as Forbes contends, that the district court accepted Forbes's plea without determining that there was an adequate factual basis for the plea. The district court carefully reviewed the elements of section 922(g)(1) with Forbes and asked him whether he met those elements. The fact that the district court closely paraphrased the elements of the crime rather than reading the statute verbatim is immaterial; in making the factual basis determination, "no specific dialogue" is required. *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir.1999).

We have some doubt about the propriety of the district court relieving counsel of his representation of the defendant at the hearing of September 19, 2001 and then proceeding to deny the defendant's motion to withdraw his guilty plea while he was unrepresented. Since Forbes has not raised the issue on appeal and did not press it when it was discussed during the course of oral argument, however, we do not reach it. *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir.2002).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

* Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.