**UNITED STATES of America,**
**Appellee,**

v.

**Bienvenido MEJIA, Defendant–**
**Appellant.**

No. 07–2578–cr.

United States Court of Appeals,
Second Circuit.

April 28, 2009.

Jeffrey A. Udell, Assistant United States Attorney, (Pablo Quinoñes and Katherine Polk Failla, Assistant United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Lawrence D. Gerzog, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Circuit Judge and Hon. JANE A. RESTANI,* Judge.**

## SUMMARY ORDER

Defendant appeals from his conviction entered by the United States District Court for the Southern District of New York (Marrero, *J.*). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

## I. Sentence

■ Defendant argues that the District Court erred in several ways in its Guidelines calculation. Defendant first contends that the District Court erred by failing to include a mitigating role adjustment in its Guidelines calculation. *See* U.S.S.G. § 3B1.2. He asserts that the District Court failed to consider a minor role adjustment, and considered instead the application of a "minimal role" diminution. The record shows, however, that the District

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** As permitted by Local Rule § 0.14, the panel consists of two judges.

Court considered and rejected *both* a "minor role" and a "minimal role" reduction. And in light of Defendant's conduct, it did not err in finding that neither role adjustment was appropriate.

 Defendant next argues that the District Court erred in basing its Guidelines calculation on a quantity of 150 kilograms of cocaine. Defendant, however, pled guilty to a crime involving five kilograms *or more. See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). The District Court was therefore empowered to determine the amount of drugs that were involved. Its finding of 150 kilograms was supported by the record as describing the "acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). No further findings about Defendant's role in joint criminal activity were therefore needed. Nor did the District Court's determination of the quantity of drugs pose a Sixth Amendment problem because only those facts "necessary to support a sentence exceeding the *maximum* authorized by the facts established by a plea of guilty ... must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (emphasis added); *accord Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The sentence in this case was within the maximum authorized by the fact that he pled guilty to a crime involving five kilograms or more.

## II. Ineffective Assistance of Counsel

 We usually do not consider ineffective assistance claims on direct review but rather allow defendants to bring them on collateral challenges under 28 U.S.C. § 2255 which provides a far better oppor-tunity for an evaluation of an ineffective-assistance claim than direct review, because a factual record focused on the defendant's claim can be developed in the district court. *See United States v. Oladimeji,* 463 F.3d 152, 154 (2d Cir.2006). We may, however, deal with the matter on direct appeal when the claim can be resolved accurately and consideration at this stage is "in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (internal quotations and citation omitted). Such resolution is appropriate in this case.

To succeed in his appeal, Defendant must be able to show that his attorney's performance fell below "an objective standard of reasonableness" as defined by "prevailing professional norms" and Defendant must be able to prove that this prejudiced him insofar as there was a reasonable probability that but for the deficiency, the result of the trial would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Tueros v. Greiner,* 343 F.3d 587, 591 (2d Cir.2003).

 Defendant argues that his trial counsel was ineffective for two different reasons. First, Defendant contends that his trial counsel erred by not attacking the District Court's reliance on a drug quantity of 150 kilograms. For the reasons discussed above, that legal argument is without merit. Trial counsel's failure to raise them was therefore neither wrong nor did it prejudice Defendant in any way. Second, Defendant contends that his trial counsel erred by failing to seek dismissal of the indictment based on a Speedy Trial Act violation. By pleading guilty, however, Defendant waived the right now to contest his counsel's performance prior to the guilty plea. *See Parisi v. United States,* 529 F.3d 134, 138–39 (2d Cir.2008).

## 54

### III. Conclusion

We have reviewed all of Appellant's claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED.