**UNITED STATES of America**

v.

**Bienvenido MEJIA, a/k/a "Nido", Defendant.**

**No. 01 Cr. 150 (VM).**

United States District Court, S.D. New York.

June 22, 2009.

Jeffrey Adam Udell, Olshan, Grundman, Frome, Rosenzweig & Wolosky, LLP, New York, NY, for Plaintiff.

Justin Levine, Seijas, Levine, & Greifinger, Bronx, NY, Lawrence D. Gerzog, Law Office of Lawrence D. Gerzog, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se petitioner Bienvenido Mejia ("Mejia") has filed motions to set aside his sentence and to obtain a return of funds seized from him in connection with an offense related to the unlawful narcotics activities for which he was convicted in the underlying action. The Court deems Mejia's motion challenging the legality of his sentence as a petition to vacate, correct or set aside sentence pursuant to 18 U.S.C. § 2255. For the reasons stated below, the Court denies both motions.

Mejia pled guilty to charges of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He was sentenced to imprisonment for a term of 174 months followed by five years of supervised release. In a related case, Me-

jia was convicted in the Eastern District of New York and sentence to 14 months' imprisonment for failing to file a currency report pertaining to $80,000 seized from him at a New York airport. The Government argued that those funds represented proceeds from the illegal drug transactions involved in Mejia's indictment in the instant case. Because of the connection between these cases by reason of the $80,000 drug trafficking proceeds, at Mejia's sentencing by this Court, his prior conviction was considered "relevant conduct" and resulted in no criminal history points. The Court adjusted the sentence by deducting from the applicable minimum Guidelines range level of 188 months the 14 months Mejia was sentenced to serve in the Eastern District case.

Mejia appealed his sentence in the instant case, arguing that it should be set aside because the Court allegedly relied upon a Guidelines calculation employing an erroneous drug quantity of 150 kilograms of cocaine. The Second Circuit rejected the appeal and affirmed the judgment, noting that Mejia had pled guilty to a crime involving five kilograms *or more*. *See United States v. Mejia*, No. 07–2578–cr, Summary Order, at 23, 324 Fed.Appx. 51, 52–53 (2d Cir. Apr. 28, 2009).

In the instant petition Mejia argues that, based on his plea to five kilograms or more of cocaine, his base offense level should have been 32, rather than the 38 the Court employed in accordance with its finding a relevant drug quantity of 150 kilograms that was attributable to the overall conspiracy. Mejia's motion essentially raises the same ground that he argued on appeal and that the Circuit Court expressly rejected. *See id.* The Court finds no legal basis entitling him to relief on this theory.

The Court finds equally meritless Mejia's application for the return of the $80,000 seized from him in connection with his prior conviction in the Eastern District

of New York. He contends that these funds did not represent proceeds of the crime for which he was convicted in this Court. At sentencing, this Court found otherwise and thus determined that because Mejia's prior conviction represented a related offense, that offense would not count separately towards the criminal history computation in the instant case. This analysis produced a Criminal History Category of I rather than II, resulting in a substantial reduction in the Guidelines range from 210–262 to 188–235 months. By reason of his guilty plea, which was grounded in part on this Guidelines calculation, Mejia derived a substantial benefit. The Court finds no warrant for a finding under these circumstances that the $80,000 in question did not represent proceeds from the unlawful drug conspiracy offense for which Mejia was convicted in the instant case. Accordingly, his motion for the return of this funds must be denied.

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motions (Docket Nos. 101, 107) of defendant Bienvenido Mejia requesting that his sentence in this case be set aside and that certain property be returned are DENIED.

**SO ORDERED.**