**07-3130-pr**
**Forbes v. United States of America**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: June 25, 2009          Decided: July 30, 2009)

Docket No. 07-3130-pr

_____

DENNIS FORBES,

*Petitioner-Appellant,*

−v.−

UNITED STATES OF AMERICA,

*Respondent-Appellee.*[*]

_____

Before:

PARKER and WESLEY, *Circuit Judges*, TSOUCALAS, *Judge.*[**]

Appeal from an order of the United States District Court for the Western District of New York (Siragusa, *J.*), entered on May 23, 2007, dismissing petitioner-appellant's

_____

[*] We direct the Clerk of Court to amend the caption as noted.

[**] The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

AFFIRMED.

---

ELEANOR JACKSON PIEL, New York, NY, *for Petitioner-Appellant*.

FRANK H. SHERMAN, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney, *of counsel*), Office of the United States Attorney for the Western District of New York, Rochester, NY, *for Respondent-Appellee*.

---

PER CURIAM:

Petitioner-appellant Dennis Forbes ("Forbes") appeals from an order of the United States District Court for the Western District of New York (Siragusa, *J.*), dismissing his petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of appellate counsel on direct appeal. For the reasons stated below, the district court's order of dismissal is hereby AFFIRMED.

**Background**

Forbes was indicted on September 9, 1999 on one count of being a convicted felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1). *United States v. Forbes*, No. 99-CR-6084(CJS) (W.D.N.Y.). Forbes was also indicted in a separate instrument for possession of a firearm in furtherance of a crime of drug trafficking in violation of 18 U.S.C. § 924(c), as well as two other drug-related counts, based on the same set of events that led to the § 922(g)(1) charge. *United States v. Forbes*, No. 99-CR-6089(CJS) (W.D.N.Y.).

After a jury trial, Forbes was convicted on all counts in the second indictment but the § 924(c) count, on which the jury could not reach a verdict. The initial § 922(g)(1) count, however, was not tried with the offenses alleged in the second indictment. On January 24, 2001, Forbes pleaded guilty to the § 922(g)(1) count, and in exchange the government agreed not to pursue the 8 U.S.C. § 924(c) count left open by the jury. On accepting Forbes's guilty plea, the district court tolled the requirements of the Speedy Trial Act, 18 U.S.C. § 3161, in relation to the § 924(c) count because Forbes specifically indicated that the reason for his plea on the § 922(g)(1) count was the government's promise to dismiss the § 924(c) "trafficking" charge.

Later in 2001, but prior to sentencing, Forbes wrote a letter to the district court indicating that he wanted to withdraw his guilty plea because it "was illegal due to the fact that [he] was not fingerprinted, photographed, booked, charged, or arraigned in 72 hours of [his] arrest which [was] a violation of [his] due process rights." Forbes's retained attorney, Michael P. Schiano, stated on the record that he had advised Forbes that in attempting to withdraw his guilty plea he would likely lose the two-point reduction in his sentencing offense level on the basis of acceptance of responsibility, as well as risk a two-point enhancement for perjury and obstruction of justice. Forbes insisted on pursuing the plea withdrawal and indicated to the court that he would discharge Schiano as his attorney. Schiano informed the district court that, for his part, he intended to withdraw as Forbes's counsel should Forbes pursue the plea withdrawal, because "one of [Forbes's] basis [sic] in wanting to withdraw his plea [was] his position that [Schiano] intimidated and forced him . . . into taking the plea."

After extensive attempts on the record by defense

counsel, the government, and the district court to explain to Forbes the status of the charges against him and the potential consequences of attempting to withdraw his plea at this stage of the proceeding, the district court stated:

> Mr. Forbes, here's what I'm going to do. If you tell me this is what you want to do, I'm going to ask Mr. Schiano to make a formal motion to withdraw. I'll make it returnable for a day.
> I'll examine you now. If I find you're entitled to assigned counsel, I'll have another counsel here, and I'll give you a chance to consult with that counsel to determine what you want to do; but I'm not going to keep assigning you lawyers.

Forbes indicated that he understood the district court's statement and insisted that he still wanted to withdraw his guilty plea. The district court then found Forbes eligible for assigned counsel.

On June 25, 2001, Jeffrey Wicks agreed to serve as Forbes's assigned counsel, provided he should conclude upon review of the record that Forbes had a nonfrivolous argument to withdraw his guilty plea. The district court informed Forbes that Wicks's review of the record would result in one of three possibilities: (1) Wicks might agree that attempting to withdraw the plea was Forbes's best legal

option; (2) Wicks might inform Forbes that going forward with the attempt would be against Forbes's best interest but that a legal argument could be made in support of it; or (3) Wicks might determine any such attempt would be frivolous and that he would be unable to make the application to withdraw the plea. The district court then told Forbes:

> If Mr. Wicks comes back to you after independently reviewing everything and says Mr. Forbes, you're crazy for trying to withdraw your plea, and secondly, there's no basis upon which I can in good faith ask the Court to withdraw the plea, that's the end of it. I'm not saying that's going to happen, but that would be the end of it. I'm not going to assign you another lawyer. It would be exceptionally foolish, but you can always represent yourself if you want; but I'm not going to assign you a string of lawyers until you somehow hit on one that is going to give you the advice you want.

Wicks ultimately decided that there was no good-faith basis for Forbes's motion to withdraw his plea, after which the district court concluded that Wicks was ethically obligated not to bring the motion on Forbes's behalf and allowed Wicks to withdraw as counsel. The district court informed Forbes that he would have to move for the plea withdrawal on his own and described the proper procedure and potential consequences. The district court explained that it would

assign Forbes another attorney upon resolution of his motion to withdraw his plea, but again emphasized that it would not "put another lawyer in a situation where they're called upon by you [Forbes] as the client, despite what they tell you, to do something that they feel is unethical and really against your best interest."

In September 2001, Forbes filed the motion to vacate his guilty plea, arguing that his plea was not knowing, intelligent, and voluntary as required by Federal Rule of Criminal Procedure 11 because Schiano had "advised him that he would be pleading guilty to count two of indictment No. 99-CR-6089 [the § 924(c) count] and not to indictment No. 99-CR-6084 [the § 922(g) count]." In his papers, Forbes alleged that his counsel was ineffective for advising him to plead guilty to the § 922(g) count in spite of what he termed "jurisdictional defects," namely that the count should have been dismissed because the police did not have probable cause to search or arrest him and because he was not arraigned until more than 60 days after his arrest.

The district court denied the motion to vacate. The district court rejected Forbes's claim of ineffectiveness of

counsel with respect to the plea, explaining to Forbes that pleading guilty to the § 922(g) charge did not result in any additional jail time and that the guilty plea eliminated the possibility of the government re-trying him on the remaining § 924(c) count. This, in turn, as the district court explained, eliminated the possibility of an additional five years of jail time being added to Forbes's sentence, as would have been required with a § 924(c) conviction. The district court further found that Forbes's factual allegations were clearly contradicted by the record and "inherently incredible."

At sentencing Forbes was represented by M. Kirk Okay of The Okay Law Firm. The district court calculated a total offense level of 26 with respect to the § 922(g) count, starting from a base level of 20 and adding two points because the pistol was stolen, U.S.S.G. § 2K2.1(b)(4), and four points for possession of the firearm while distributing cocaine, U.S.S.G. § 2K2.1(b)(5). The district court did not enhance Forbes's sentence for obstruction of justice with respect to his motion to vacate the guilty plea. Forbes was sentenced to life in prison on each of the two drug count

jury convictions and a concurrent 120 months' imprisonment on the § 922(g) firearm possession conviction.

On appeal, Forbes was again represented by Okay, who argued that the district court erred in not allowing Forbes to withdraw his plea and that the record did not contain sufficient facts to support his plea. This Court rejected these arguments, concluding that, "[a]lthough Forbes now suggests that his plea was not knowing and voluntary because he was confused as to the charge he was pleading to during the allocution, our review of the transcript of the allocution discloses no such confusion[, n]or . . . that the district court accepted Forbes' plea without determining that there was an adequate factual basis for the plea." *United States v. Forbes*, No. 02-1120-cr, 78 Fed. App'x 164, 165 (2d Cir. 2003). Although we expressed "some doubt about the propriety of the district court relieving counsel of his representation of the defendant . . . and then proceeding to deny the defendant's motion to withdraw his guilty plea while he was unrepresented," we declined to address this issue because it was not raised on appeal or pursued during questioning at oral argument. *Id.* Forbes, still

represented by Okay, filed a petition for a writ of certioriari to the United States Supreme Court in which he raised this new Sixth Amendment right-to-counsel issue. The Supreme Court denied the petition. *Forbes v. United States*, 540 U.S. 1210 (2004).

On October 13, 2004, Forbes filed a pro se petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, contending that Schiano's pre-trial representation was ineffective and that Schiano had coerced him into pleading guilty to the § 922(g) charge. Forbes also argued that Okay was ineffective at sentencing for not challenging the sentencing enhancements imposed and on appeal because he did not raise the argument that Forbes was unconstitutionally deprived of counsel with respect to his motion to withdraw the guilty plea. The district court dismissed the petition without a hearing.

With respect to the allegations regarding Schiano, the district court indicated that it had already considered and rejected Forbes's arguments in the motion to vacate the plea, and that decision had been affirmed. The district court concluded that these issues were therefore

procedurally barred. *See, e.g.*, *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001).

The district court also found that Forbes's allegations regarding Okay at sentencing were unsupported by the record. With respect to Okay's effectiveness on appeal, the district court noted that appellate counsel was not obligated to raise every possible argument and that Forbes had not indicated that the arguments Okay raised were "significantly weaker," *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994), than Forbes's right-to-counsel claim. The district court also noted that Forbes did not argue that he suffered prejudice due to Okay's failure to raise the right-to-counsel issue on appeal.

Forbes subsequently moved for a certificate of appealability on the basis of ineffectiveness of appellate counsel. This court granted the certificate and ordered that counsel be appointed.

**Discussion**

Forbes now argues that his motion to withdraw his guilty plea constituted a "critical stage" of the criminal proceeding, such that he was entitled to counsel unless he

waived the right, which he did not do.  *See Hines v. Miller*, 318 F.3d 157, 164 (2d Cir. 2003) (Winter, *J.*, dissenting). As the majority noted in *Hines*, federal courts have taken a variety of approaches with respect to habeas claims of denial of the right to counsel based on ineffective representation, or complete lack of representation, on motions to withdraw guilty pleas.  *Id.* at 163.  While the *Hines* court left open the question of the proper standard to apply in such situations, Forbes's claim does not bring this issue before us.  Rather, Forbes's claim is once removed — he contends his appellate counsel was ineffective for not raising the issue on direct appeal.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), to establish ineffective assistance of appellate counsel, Forbes must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.  Although there may be merit to Forbes's unraised right-to-counsel argument in the abstract, as indicated by the panel of this

Court that heard his direct appeal, this does not make counsel's failure to raise the argument on appeal objectively unreasonable on the record before us.

A motion to withdraw a guilty plea is a critical stage of a criminal proceeding, *United States v. Davis*, 239 F.3d 283, 285-86 (2d Cir. 2001), meaning no showing of prejudice is necessary to establish a Sixth Amendment violation where a defendant is deprived of counsel in bringing it, *see United States v. Cronic*, 466 U.S. 648, 659 (1984). However, "the Sixth Amendment does not require that counsel do what is impossible or unethical." *Id.* at 656 n.19. It is well established that "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a defendant is] entitled." *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (internal quotation marks omitted). Two attorneys withdrew as counsel to Forbes because he insisted on pursuing what both attorneys considered to be a frivolous motion to withdraw his plea. A previous panel of this Court conducted a thorough review of the record on direct appeal and found no merit in any of the grounds Forbes raised as

possible bases for allowing him to withdraw his plea. An independent review of the record reconfirms this conclusion. Moreover, Forbes would likely have ended up in a worse position than he now finds himself had he been allowed to withdraw his plea, because the government promised to pursue both the § 922(g) and § 924(c) charges if he succeeded. A conviction on the § 924(c) count would have required the court to add a minimum of five years to Forbes's sentence, to be served consecutively to the sentences for the two other drug-related counts.

Forbes's right to counsel at the critical plea-withdrawal stage is not the issue before us, but rather appellate counsel's failure to raise that right-to-counsel claim on direct appeal. We cannot, on this record, conclude that counsel's failure to raise it was objectively unreasonable or caused Forbes any prejudice.

## Conclusion

The district court's order of May 23, 2007 dismissing petitioner-appellant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is hereby AFFIRMED.