Bienvenido MEJIA, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 10 Civ. 5293(VM),
01 Cr. 0150(VM).

United States District Court,
S.D. New York.

July 29, 2010.

Bienvenido Mejia, Winton, NC, pro se.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se petitioner Bienvenido Mejia ("Mejia") filed the instant petition, received by the Court on June 2, 2010, in which he seeks to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). He alleges ineffective assistance of counsel in connection with his conviction and sentencing following his entry of a guilty plea to a charge of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. For that offense he was sentenced by this Court to a term of imprisonment of 174 months followed by five years of supervised release. Mejia appealed his sentence and the Second Circuit denied the appeal and affirmed his judgment of conviction and sentence by Summary Order dated April 28, 2009, for which the Mandate issued on May 20, 2009. *See United States v. Mejia,* 324 Fed.Appx. 51 (2d Cir. 2009).

In his direct appeal, Mejia raised claims alleging ineffective assistance of counsel, asserting that his attorney provided deficient representation by not challenging the district court's calculation of drug quantity and by failing to seek dismissal of the indictment on Speedy Trial Act grounds.

In affirming Mejia's judgment of conviction and sentence, the Second Circuit noted that ordinarily claims of ineffective assistance of counsel should be brought under 28 U.S.C. § 2255, but that the Circuit Court may address such challenges on direct appeal when the matter "can be resolved accurately and consideration at this stage is 'in the interest of justice.'" *Mejia,* 324 Fed.Appx. at 53 (*quoting United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003)). Finding that such resolution was appropriate in this case, the Circuit Court considered and rejected Mejia's

ineffective assistance of counsel claims. *See id.* at 53–54. In particular, the court noted that "[b]y pleading guilty [Mejia] waived the right now to contest his counsel's performance prior to the guilty plea." *Id.* (*citing Parisi v. United States,* 529 F.3d 134, 138–39 (2d Cir.2008)).

While his appeal was still pending, Mejia filed in this Court, on February 5, 2008, a motion which he described as being brought under Federal Rule of Criminal Procedure 12(b)(3)(B) ("Rule 12(b)(3)(B)") in which he sought to set aside his conviction and sentence, essentially raising issues similar to those he had asserted in his then still-pending direct appeal. Mejia was so advised by his own appellate counsel, who urged Mejia to withdraw the motion, or risk having the Court view it as a habeas petition. (*See United States v. Mejia,* No. 01 Cr. 0150 (S.D.N.Y.) (Docket No. 105, Letter dated November 25, 2008 from Lawrence D. Gerzog to Bienvenido Mejia, attached to letter dated November 25, 2008 from Assistant United States Attorney Pablo Quinones to Honorable Victor Marrero)).

Mejia did not withdraw his Rule 12(b)(3)(B) motion. Instead, on May 26, 2009 he filed what he characterized as a motion to obtain a return of funds seized from him in connection with the offense underlying his conviction. In that motion Mejia also again raised issues concerning the legality of his sentence by reason of alleged error in the Court's calculation of the relevant quantity of drugs involved in the conspiracy, which increased his base offense level.

Because Rule 12(b)(3)(B) pertains to motions that must be made before trial and specifically mentions claims alleging a defect in the indictment, the Court viewed Mejia's motion under that rule as improperly filed. Since Mejia was seeking relief

post-judgment of conviction, the Court considered Mejia's Rule 12(b)(3)(B) motion as a petition to vacate, correct, or set aside sentence pursuant to § 2255. By Amended Decision and Order dated July 29, 2009, the Court denied Mejia's motions. (*See id.*, Docket No. 111.)

Mejia did not raise objection to this Court's decision to regard his Rule 12(b)(3)(B) motion as a § 2255 petition, nor did he appeal that determination. His time to do so has now expired. Rather, Mejia proceeded to file the § 2255 petition now before the Court. In it, he asserts that he received ineffective assistance of counsel on four grounds: (1) that he was coerced by counsel to plead guilty pursuant to an oral agreement his lawyer had entered into with the Government under which Mejia would receive a maximum sentence of 10 years of imprisonment; (2) that counsel failed to inform the Court of the alleged oral agreement; (3) that his sentence was unconstitutional because the Court lacked jurisdiction to impose a penalty exceeding the maximum authorized under the Sentencing Guidelines; and (4) that counsel failed to raise these three issues on his direct appeal.

The Court finds that the files and records of this case show conclusively that Mejia is entitled to no relief. *See* 28 U.S.C. § 2255(b). Accordingly, no further proceedings are warranted and Mejia's § 2255 petition is DENIED.

## I. *DISCUSSION*

First, in its July 29, 2009 decision, the Court deemed Mejia's Rule 12(b)(3)(B) motion as a first § 2255 petition, a ruling Mejia did not challenge in this Court and did not appeal. The instant petition may thus be deemed a second successive motion subject to the certification requirement contained in 28 U.S.C. § 2255(h), which Mejia has not sought.

■ Second, on his direct appeal Mejia raised a claim asserting ineffective assistance of counsel and challenged the validity of his sentence under the Sentencing Guidelines. The Court of Appeals reviewed his claims and found them all meritless. *See Mejia*, 324 Fed.Appx. at 53–54. Insofar as Mejia now seeks to assert new theories in support of his deficient representation claims that he did not raise in his appeal, the Court finds such additional claims now precluded by the Second Circuit's ruling. *See United States v. Pitcher*, 559 F.3d 120, 123–25 (2d Cir.2009).

■ Third, even if Mejia's claims here were not barred procedurally on the preceding grounds, they nonetheless lack substantive merit. Mejia's assertion that he was coerced by his counsel to plead guilty, and that his attorney had entered into an oral agreement with the Government that called for a maximum sentence of 10 years of incarceration and that was not disclosed to the Court, are belied by Mejia's testimony under oath during his plea allocution. On that occasion, Mejia's counsel informed the Court that, after discussions with the Government about whether there would be a plea agreement, "there is no such plea agreement" and Mejia would enter a plea of guilty pursuant to a Pimentel Letter. *United States v. Mejia*, No. 01 Cr. 0150 (S.D.N.Y.) (transcript ("Tr.") of Hearing on April 28, 2006 at 3.) Mejia also stated that he had had a full opportunity both to discuss his case with his attorney and to review the consequences of his guilty plea. He confirmed that he was satisfied with his attorney's representation. To the Court's explanation of the minimum and maximum possible penalties he faced, which was ten years to life imprisonment, Mejia replied that he understood.

Mejia also stated that he understood that his proper sentence could not be de-

termined until after the preparation and review of the Probation Department's presentence report, and consequently acknowledged that neither his attorney nor the Government could give him "any assurance of what your sentence will be...." (Tr. at 12.) When asked whether anyone had offered him any inducements that led him plead guilty or forced him to do so, or to enter into any plea agreement, Mejia answered "No." (Tr. at 13.) Finally, upon entering his guilty plea after Court's summation, Mejia was asked "[a]re you pleading guilty voluntarily and of your free will?" (Tr. at 18.), to which he answered "Yes." (*Id.*)

■ Mejia's sworn testimony at his plea allocution flatly contradicts the allegations he now makes in the instant § 2255 petition that he was coerced by counsel into pleading guilty and that his counsel had an undisclosed oral agreement with the Government assuring Mejia a maximum sentence of ten years imprisonment. A defendant's bare allegations in a § 2255 petition cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth. *See United States v. Hernandez,* 242 F.3d 110, 112–13 (2d Cir.2001) (per curiam); *see also United States v. Juncal,* 245 F.3d 166, 171 (2d Cir.2001) (noting that testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made").

Because Mejia relies on the existence of the alleged oral plea agreement, which cannot be substantiated based on this record, his claim that the 174–month sentence the Court imposed exceeds the 10–year maximum provided by counsel's oral agreement with the Government and that it is thus impermissible under the Sentencing Guidelines, is unavailing.

Under these circumstances, Mejia has presented no facts demonstrating that his attorney's performance fell below an objective standard of reasonableness, and that by reason of that deficiency he was prejudiced insofar as there was a reasonable probability that but for counsel's faulty representation the result of Mejia's conviction and sentencing would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Tueros v. Greiner,* 343 F.3d 587, 591 (2d Cir.2003).

By the same token, the Court finds no sufficient grounds supporting Mejia's claim that be received ineffective assistance from his counsel on direct appeal for not having raised the three issues Mejia relies upon here as basis for his claim of deficient representation by trial counsel. Under the *Strickland* standard, failure to assert frivolous or otherwise meritless claims cannot serve as valid ground to support a claim of ineffective assistance of counsel. *See Forbes v. United States,* 574 F.3d 101, 106 (2d Cir.2009) ("It is well established that the failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which a defendant is entitled.") (quotation marks, citations and alterations omitted).

## II. ORDER

For the reasons stated above, it is hereby.

**ORDERED** that the motion (Docket No. 113) of petitioner Bienvenido Mejia pursuant to 28 U.S.C. § 2255 is DENIED.

As Mejia has not made a substantial demonstration of the denial of a constitutional right, a certificate of appealability will not issue.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**