10-190-cr(L)
United States v. Camilo et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand eleven.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee-Cross-Appellant,*

-v.-                              10-190-cr(L), 10-268(CON),
                                  10-418-xr(XAP)

SEALED VEHICLE #1, SEALED VEHICLE #2, FAUSTO HINOJSA,

*Defendants,*

RAMON CAMILO,

*Defendant-Appellant,*

EMILIA RODRIGUEZ,

*Defendant-Appellant-Cross-Appellee.*

_____

FOR APPELLANT:        PAUL EVANGELISTA, Assistant Federal
                      Public Defender, Northern District of New
                      York, Albany NY.

FOR APPELLANT-
CROSS-APPELLEE:       GASPAR M. CASTILLO, JR., Parker &
                      Castillo, Albany, NY.

FOR APPELLEE-
CROSS-APPELLANT:      PAUL D. SILVER, Assistant United States
                      Attorney (Terrence M. Kelly, Assistant
                      United States Attorney, *on the brief*),
                      *for* Richard S. Hartunian, United States
                      Attorney for the Northern District of New
                      York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Ramon Camilo and Emilia Rodriguez appeal from January 15, 2010 judgments of the United States District Court for the Northern District of New York (Hurd, *J.*).  With regard to Rodriguez, the government cross-appeals the district court's determination that granted her motion to set aside the jury determination that found that she was accountable for more than 100 grams of heroin.  We review each in turn. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

Camilo pled guilty to conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1).  He contends that the district court erred in calculating his Sentencing Guidelines range by applying a two-level enhancement for his role as an "organizer, leader, manager, or supervisor" in connection with the drug conspiracy.  *See* U.S.S.G. § 3B1.1(c).  "[W]e review a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 *de novo*, but we review the court's findings of fact supporting its conclusion only for clear error."  *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009).

The trial evidence establishes that Camilo exercised some degree of control over Rodriguez in the functioning of the conspiracy by having her sell heroin to his customers when he was unavailable and that he directed Rodriguez to perform other duties that aided the conspiracy.  *See United States v. Garcia*, 413 F.3d 201, 223 (2d Cir. 2005).  Thus, the district court did not err by applying the two-level role enhancement.

Rodriguez was convicted of conspiring to distribute and possess with intent to distribute heroin following a jury

3

trial. The district court granted her motion to set aside the jury determination that she was accountable for more than 100 grams of heroin and sentenced Rodriguez to twenty-one months imprisonment and four years supervised release. The government cross-appeals from the district court's grant of that motion.

Rodriguez first contends that her conviction is not supported by sufficient evidence. We review sufficiency challenges *de novo. United States v. Andino*, 627 F.3d 41, 49 (2d Cir. 2010). "It is well-established that a defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Rojas*, 617 F.3d 669, 674 (2d Cir. 2010) (internal quotation marks omitted). We must view the evidence in the light most favorable to the government and "uphold the jury's verdict as long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Rodriguez cannot meet this heavy burden. One of the government's witnesses at trial testified that he had purchased heroin directly from Rodriguez on twenty to thirty occasions. Moreover, as discussed in greater detail below, there was ample evidence to support the inference that

Rodriguez was an active participant in Camilo's heroin distribution activities. After a thorough review of the evidence presented at trial, we conclude that Rodriguez's sufficiency challenge fails.

Rodriguez also contends that the government's witnesses were not credible, warranting a new trial under Rule 33 of the Federal Rules of Criminal Procedure. "We review challenges to a district court's denial of a Rule 33 motion for an abuse of discretion and accept the district court's factual findings unless they are clearly erroneous." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted). "Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility, '[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment.'" *Id.* (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)).

Once again, Rodriguez cannot meet this high burden. Rodriguez's claims of patently incredible testimony are unavailing and do not rise to the level of exceptional circumstances to warrant setting aside the verdict and

granting a new trial. Accordingly, the district court did not err in denying Rodriguez's motion for a new trial.

On cross-appeal, the government contends that the district court erred in setting aside the jury's verdict as to drug quantity. The district court purported to act pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." This was a ruling regarding the legal sufficiency of the evidence, for which our standard of review is *de novo*. *See Andino*, 627 F.3d at 49.

It is well established that a judgment of acquittal may be entered only where the evidence of guilt is so lacking that, drawing all inferences in the government's favor, "no rational trier of fact could have found the essential elements of the crime." *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir. 2001) (internal quotation marks omitted). In this case, we cannot agree with the district court that the evidence adduced at trial was insufficient to support the jury's finding as to drug quantity. In order to prove that Rodriguez conspired to distribute more than 100

grams of heroin, the government was not required to establish that she personally handled that amount. Rather, the issue was whether she could reasonably have foreseen that the conspiracy would involve more than 100 grams. *United States v. Johnson*, 633 F.3d 116, 118 (2d Cir. 2011). The jury was correctly instructed in that regard.

As the district court recognized, the testimony at trial established that Rodriguez was personally involved in distributing at least forty grams of heroin. But there was additional evidence from which the jury could infer that Rodriguez knew of other occasions on which customers who had dealt with her bought heroin directly from Camilo. The jury also heard tape-recorded telephone conversations between Camilo and potential buyers in which Camilo suggested that Rodriguez was "the same as [him]" and could provide heroin in his absence, and in which Camilo recounted that he had unsuccessfully attempted to use Rodriguez as the purchasing agent for his heroin, because the wholesaler had refused to deal with her. Based on this evidence, the jury could reasonably have concluded that Rodriguez could have foreseen that the conspiracy involved more than 100 grams of heroin.

We have considered Appellants' remaining arguments and find them to be without merit.  Therefore, we **AFFIRM** the judgment of conviction against Camilo in all respects.  With regard to Rodriguez, we **AFFIRM** the judgment of conviction to the extent that it was supported by sufficient evidence.  We **VACATE** the sentence imposed on Rodriguez and **REMAND** to the district court for resentencing in accordance with the jury's finding that more than 100 grams of heroin were attributable to Rodriguez.

**AFFIRMED** in part and **VACATED** and **REMANDED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk