12-780-cr
United States v. Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT: REENA RAGGI,
    GERARD E. LYNCH,
    RAYMOND J. LOHIER, JR.,
     *Circuit Judges.*

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
    *Appellee*,

    v.            No. 12-780-cr

EMILIA RODRIGUEZ,
    *Defendant-Appellant*,

RAMON CAMILO, SEALED VEHICLE #1, SEALED VEHICLE #2, FAUSTO HINOJSA,
    *Defendants*.*

------------------------------------------------------------------------------------
-

APPEARING FOR APPELLANT:  JANE S. MEYERS, ESQ., Brooklyn, New York.

APPEARING FOR APPELLEE:  PAUL D. SILVER, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

---

* The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED for proceedings consistent with this order.

Emilia Rodriguez, who stands convicted after trial of conspiracy to traffic in 100 or more grams of heroin, appeals from an amended judgment entered on February 9, 2012, following remand. See United States v. Sealed Vehicle #1, 440 F. App'x 22 (2d Cir. 2011). That judgment sentences Rodriguez to a statutorily mandated minimum prison sentence of 60 months, see 21 U.S.C. § 841(b)(1)(B), by comparison to the 21-month prison term imposed by the original judgment. In these circumstances, Rodriguez submits that counsel was constitutionally ineffective in challenging her original judgment of conviction. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009) (applying Strickland to appellate counsel). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to remand.

When a criminal defendant asserts an ineffective assistance of counsel claim on direct appeal, as Rodriguez does here, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent 28 U.S.C. § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." United States v. Brown, 623 F.3d 104, 112–13 (2d Cir. 2010) (internal quotation marks omitted). "The last option is appropriate when the factual record is fully developed

2

and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice." United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted).

Here, both parties suggest that further record development may be necessary to resolve Rodriguez's ineffective assistance claim. We agree. For example, further inquiry may be warranted into counsel's consultation with Rodriguez about pursuing an appeal on her behalf. On remand, counsel stated that, "[a]s a result of my inability to communicate more clearly to [Rodriguez] and more constantly with her relative to developments in her case, she was unaware of the fact that the appeal that was pending . . . had the possibility of resulting in a vacatur of her sentence." Tr. 4:16–21, J.A. 182. Thus, it may be necessary to hear further from both counsel and Rodriguez on this point. See McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999) (stating that it is preferable for client to submit affidavit in support of claim that appellate counsel failed to follow client's directions); see also McKee v. United States, 167 F.3d 103, 108 (2d Cir. 1999) (stating that counsel alleged to be ineffective should be "afforded an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs" (internal quotation marks omitted)). Moreover, the record does not clearly indicate whether the government offered to withdraw its cross-appeal in exchange for Rodriguez's withdrawal of her appeal, see Tr. 8:9–12, J.A. 186 ("Judge, I have heard that conversations occurred between [appellate counsel] and lawyers in our Appellate section, but I don't know if those decisions were made."), nor does it clearly reflect whether appellate counsel conveyed any such offer to Rodriguez, see Tr. 4:25–5:3,

3

J.A. 182–83 ("There were conversations between myself and the government relative to withdrawal of the appeal. However, I did not feel authorized to take that action on [Rodriguez's] behalf without having a clear-cut conversation with her about that.").

Under such circumstances, we would normally decline to review Rodriguez's ineffective assistance of counsel claim on direct appeal and leave her to pursue it through the preferred vehicle of a petition pursuant to 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003). Here, however, Rodriguez's projected release date from prison is September 5, 2014, approximately one year from the date of this order, and it is doubtful that her § 2255 petition could be filed and finally resolved prior to that date. Thus, to afford meaningful review of her ineffective assistance of counsel claim, we attempt to expedite her claim by remanding this case to the district court for additional factfinding. See United States v. Brown, 623 F.3d at 114–15 (remanding for fact-finding); United States v. Yauri, 559 F.3d 130, 133 (2d Cir. 2009) (same); United States v. Levy, 377 F.3d 259, 266 (2d Cir. 2004) (same); cf. United States v. Doe, 365 F.3d 150, 154 (2d Cir. 2004) (holding that § 2255 petition was preferable to remand, in part, because resolving claim "in due course" under § 2255 would not "have an impact on the overall amount of time the defendant serves"). This court, but not this panel, retains jurisdiction to hear Rodriguez's ineffectiveness claim once the record has been supplemented. See United States v. Leone, 215 F.3d 253, 257 (2d Cir. 2000).

Accordingly, this case is REMANDED to the district court for proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court