12-780-cr
United States v. Rodriguez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand fourteen.

PRESENT: GUIDO CALABRESI,
    BARRINGTON D. PARKER,
    GERARD E. LYNCH,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                          No. 12-780-cv

EMILIA RODRIGUEZ,

    *Defendant - Appellant*,

RAMON CAMILO, SEALED VEHICLE #1,
SEALED VEHICLE #2, FAUSTO HINOJSA,

    *Defendants.*

---

FOR APPELLANT:        Jane S. Meyers, Brooklyn, New York.

FOR APPELLEES:        Paul D. Silver, Assistant United States Attorney, for Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED to the district court for proceedings consistent with this order.

Defendant Emilia Rodriguez, who stands convicted after trial of conspiracy to traffic in 100 or more grams of heroin, appeals from an amended judgment entered on February 9, 2012, on remand. See United States v. Rodriguez, 531 F. App'x 148 (2d Cir. 2013); United States v. Sealed Vehicle #1, 440 F. App'x 22 (2d Cir. 2011). That judgment sentences Rodriguez to a statutorily mandated minimum prison sentence of 60 months, see 21 U.S.C. § 841(b)(1)(B), a sentence that is 39 months longer than the prison term imposed by the original judgment of the district court. Rodriguez, 531 F. App'x at 148-49. We remanded this matter to the district court again, retaining jurisdiction pursuant to United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994), for fact-finding concerning Rodriguez's claim that her counsel was constitutionally ineffective in challenging her original judgment of conviction on appeal. Rodriguez, 531 F. App'x at 150; see also Strickland v. Washington, 466 U.S. 668, 687 (1984); Forbes v. United States, 574 F.3d 101, 106 (2d Cir. 2009) (applying Strickland to appellate counsel). In particular, we indicated that the district court should inquire into counsel's consultation with Rodriguez about pursuing an appeal on her behalf, and whether the government offered to withdraw its cross-appeal in exchange for Rodriguez's withdrawal of her appeal. On remand, after accepting affidavits from

Rodriguez, her former counsel, and the government, but without holding an evidentiary hearing, the district court issued an Opinion and Order on October 25, 2013, concluding that Rodriguez had not satisfied her burden to demonstrate that she was prejudiced by counsel's alleged unprofessional errors. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision. We review a district court's decision not to hold an evidentiary hearing for abuse of discretion. See United States v. Sasso, 59 F.3d 341, 350 (2d Cir. 1995).

As noted above, on remand, the district court solicited affidavits from Rodriguez, her former counsel, and the government, but declined to conduct an evidentiary hearing. Based solely on the affidavits, the court found that although Rodriguez's counsel filed the notice of appeal without her authorization, "the [g]overnment would have filed a direct appeal of Rodriguez's sentence even if she had not appealed," and Rodriguez was therefore not prejudiced by counsel's conduct. SA58. The court also declined to determine whether the Assistant United States Attorney had agreed to stipulate to a mutual withdrawal of appeals, instead concluding that Rodriguez had not shown prejudice because the AUSA was not authorized to make such a commitment.

Under the circumstances, we believe it was incumbent upon the district court to hold an evidentiary hearing. The affidavits submitted by Rodriguez, her former attorney, and the government differ in significant ways, presenting material issues of fact that impede our review of Rodriguez's ineffectiveness claim. For example, Rodriguez and her former attorney offered conflicting accounts of the contact information he had for Rodriguez. The

3

district court should have resolved this factual dispute and elicited more detailed information from the former attorney concerning his attempts to contact Rodriguez after her sentencing. Additionally, the affidavits of Rodriguez's former counsel and the government offered conflicting accounts of whether an AUSA offered to withdraw the government's appeal in exchange for the withdrawal of Rodriguez's appeal. The district court declined to resolve this factual dispute.

Our prior remand order, however, expressly contemplated that the district court would develop a factual record pertaining to former counsel's efforts to consult with Rodriguez about filing a notice of appeal, and the government's putative offer to withdraw its appeal. By failing to hold an evidentiary hearing to resolve factual disputes and elicit greater detail about the circumstances surrounding Rodriguez's original appeal, the district court disregarded our remand order, and consequently exceeded its discretion.[1] On remand, the district court should resolve the factual disputes we have identified, elicit fuller testimony regarding the government's decision to pursue its appeal,[2] and otherwise create a factual

---

[1] In the district court, Rodriguez's appellate counsel declined to represent Rodriguez because counsel is not admitted to practice before the United States District Court for the Northern District of New York. Nonetheless, appellate counsel initially submitted letters to the district court requesting that the court appoint other counsel for Rodriguez and hold an evidentiary hearing. Appellate counsel subsequently informed the district court that she no longer believed it was necessary for the district court to hold an evidentiary hearing or appoint counsel for Rodriguez. As far as can be determined, however, appellate counsel was not Rodriguez's representative before the district court, and Rodriguez accordingly proceeded pro se. Under the circumstances, the district court should have made an independent determination as to the necessity of an evidentiary hearing. We believe the gaps and contradictions in the factual record demonstrate the necessity of an evidentiary hearing in this case.

[2] While the government's affidavit states that AUSA Silver is "not aware of any evidence that would substantiate Rodriguez's claim that the government would not have pursued an appeal if she had not appealed," it also states that "the fact that Rodriguez had filed her notice of appeal

4

record that is sufficient to permit review of Rodriguez's ineffectiveness claim.  In addition, we encourage the district court to ask the parties to address what relief, if any, is available to Rodriguez at this time.

For the foregoing reasons, the case is REMANDED to the district court for proceedings consistent with this order.  This panel retains jurisdiction to hear Rodriguez's ineffectiveness claim once the record has been supplemented.  See United States v. Leone, 215 F.3d 253, 257 (2d Cir. 2000).[3]  The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

before the government filed its notice of appeal also was considered," in "determining whether to proceed with a government appeal."  SA 57.  The district court should elicit further testimony and information regarding how the government made its decision to appeal, and should resolve the factual dispute about whether the prosecutor did or did not offer defense counsel an opportunity for a mutual withdrawal of appeals.

[3]  We appreciate that the district court's decision not to hold an evidentiary hearing may have been motivated by a laudable desire to permit expeditious resolution of Rodriguez's appeal.  We respectfully invite the district court to again act with celerity in holding an evidentiary hearing, and the parties to promptly apply to this panel for reinstatement of the appeal upon issuance of the supplemented record and the district court's factual findings.