UNITED STATES of America, Appellee,

v.

Sheldon HANSEL, Defendant–Appellant.

No. 458, Docket 95–1226.

United States Court of Appeals,
Second Circuit.

Submitted Oct. 31, 1995.

Decided Nov. 7, 1995.

Moroslav Lovric, Assistant U.S. Attorney for the Northern District of New York, Binghamton, NY (Thomas J. Maroney, U.S. Attorney for the Northern District of New York, Syracuse, NY), for Appellee United States of America.

Sheldon Hansel, Lexington, KY, pro se.

Before: VAN GRAAFEILAND, JACOBS and PARKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Sheldon Hansel pled guilty to eight counts of making false statements to the Commodity Credit Corporation (the "CCC"). Hansel demonstrates that his indictment on counts seven and eight was brought outside the applicable statute of limitations. Hansel's attorney, however, never objected on that ground, and Hansel was convicted and sentenced on all eight counts. Hansel contends that his counsel's failure to inform him that counts seven and eight were

time-barred constituted ineffective assistance of counsel, and therefore that his subsequent waiver of the time-bar defense, evidenced by his plea of guilty to all charges without objection, was not voluntary.

We reverse Hansel's conviction on counts seven and eight, remand this case to the district court for resentencing, and, because appellant's remaining arguments are meritless, we affirm his conviction on counts one through six.

## BACKGROUND

Hansel was a farmer who participated in the United States Department of Agriculture's Acreage Reduction Program (ARP) from 1989 to 1992. The ARP is an agriculture price-support program that provides "deficiency payments" to farmers who agree to leave cropland fallow. Each year, participants in the ARP enter into contracts with the CCC, the federal agency that administers the program and makes the deficiency payments. From 1989 through 1992, Hansel represented to the CCC that he would not produce certain crops on specific parcels of land, in return for which he received deficiency payments totaling $19,328.35. In fact, Hansel had no title, ownership rights or lease rights to the land he claimed to own.

Hansel was indicted on August 17, 1994 for making eight false statements to the CCC between April 1989, and June 1992, in violation of 15 U.S.C. §§ 714 and 714m(a) and 18 U.S.C. § 2. Hansel was represented by counsel, and pled guilty to all eight counts on November 10, 1994. There was no plea agreement. On April 6, 1995, Hansel was sentenced to sixteen months imprisonment on each count, to be served concurrently, two years of supervised release, $19,328.34 in restitution, and a $400 special assessment. Judgment was entered on April 25, 1995, and Hansel filed a timely notice of appeal on April 28, 1995.

There is no doubt that counts seven and eight of the indictment were deficient because they were brought outside the applicable five year statute of limitations. Hansel contends that his attorney did not inform him of the time-bar defense, that he would not

have pled guilty had he known that he had an absolute defense, and that his waiver of the time-bar defense, therefore, was not knowing and voluntary.

Hansel also raises several objections to the grand jury proceedings, none of which warrant extensive consideration.

## DISCUSSION

I. *Statute of Limitations.*

■ Under 18 U.S.C. § 3282, "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." *See also United States v. Knoll,* 16 F.3d 1313, 1318 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). No other statute furnishes a different limitations period for cases brought under 15 U.S.C. 714m, and Hansel's conduct therefore is subject to the general federal five year limitation.

Count seven charges Hansel with illegal conduct occurring "[i]n and around July of 1989," and count eight with conduct occurring "[i]n and around April of 1989." Hansel's indictment was not filed until August 26, 1994, more than five years after the conduct alleged, and counts seven and eight therefore were brought outside the statute of limitations.

■ The government argues that Hansel waived his statute of limitations claim through counsel by not raising it prior to pleading guilty. The statute of limitations, of course, is an affirmative defense that must be raised to be preserved. *United States v. Walsh,* 700 F.2d 846, 855–56 (2d Cir.), *cert. denied,* 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983). Furthermore, "a defendant cannot raise the issue of limitations after pleading guilty to the offense in question." *Id.* at 855 (citing *United States v. Doyle,* 348 F.2d 715, 718 (2d Cir.), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965)). Therefore, Hansel is precluded from raising the limitations defense in this Court.

Hansel's appellate argument, however, is that his counsel was ineffective in failing to raise the statute of limitations defense to counts seven and eight. In order to prevail on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," and that the defendant was prejudiced as a result of such conduct. *Strickland v. Washington,* 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 2064–65, 2067, 80 L.Ed.2d 674 (1984); *see also Kieser v. New York,* 56 F.3d 16, 18 (2d Cir.1995). As to the conduct of counsel, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (internal quotation marks omitted). As to prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■■■ The conduct of Hansel's attorney "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064. While counsel's tactical decisions command a high degree of deference, *see id.* at 689, 104 S.Ct. at 2065. Hansel's counsel's failure to object to the time-barred counts is unaccountable in the circumstances, and cannot "be considered sound trial strategy." In particular, counsel's decision cannot be justified by considerations related to the negotiation of a plea agreement, because Hansel pled without the benefit of one. Hansel's prejudice is that he pled guilty to two time-barred counts that would have been dismissed, if his attorney had acted competently. Hansel's counsel was therefore ineffective under *Strickland,* and Hansel's Sixth Amendment right to counsel was thereby impaired. Hansel's waiver of the time-bar defense cannot be deemed knowing and intelligent: we may assume that he would not have pled guilty to counts that he knew to be time-barred. Accordingly, we reverse Hansel's convictions on counts seven and eight of the indictment.

II. *Grand Jury Claims.*

■■■ Hansel's other objections are without merit. Hansel's objection to the pres-

ence of a government attorney during the grand jury proceedings fails, because Rule 6(d) of the Federal Rules of Criminal Procedure expressly states that government attorneys may "be present while the grand jury is in session." Also meritless is Hansel's claim that his right to challenge grand jury qualifications was violated because the names of the grand jurors were not revealed to him. A party requesting disclosure of secret grand jury minutes must make "a strong showing of particularized need," which Hansel has not made. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). Furthermore, any error in the grand jury proceedings must be considered harmless in light of Hansel's guilty plea. *United States v. Hefner,* 842 F.2d 731 (4th Cir.), *cert. denied,* 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988).

## CONCLUSION

For the foregoing reasons, the district court's judgment of conviction on counts one through six is affirmed. The district court's judgment of conviction on counts seven and eight is reversed, and the case is remanded for resentencing.