UNITED STATES of America,
Appellee,

v.

Raymond Richard STEPHENSON,
Defendant–Appellant.

No. 00–1428.

United States Court of Appeals,
Second Circuit.

Jan. 17, 2001.

**92**

Conrad O. Seifert, Seifert & Hogan, Old Lyme, CT, for appellant.

Alex Hernandez, Ass't U.S. Att'y, D. Conn., New Haven, CT, for appellee.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Defendant Raymond Richard Stephenson, convicted on numerous counts of various narcotics-related offenses, appeals from an order of the United States District Court for the District of Connecticut, Alfred V. Covello, *Chief Judge*, denying his motion for a resentencing hearing following the reversal of his conviction on one count of money laundering. On appeal, Stephenson contends that the district court abused its discretion in refusing, without a hearing, to resentence him following that reversal. We disagree.

Stephenson was convicted of, *inter alia*, 12 counts of narcotics trafficking, four counts of using or possessing firearms, and two counts of money laundering. The district court sentenced him principally to a total of 336 months' imprisonment, including two concurrent 240–month terms on the money-laundering counts. This Court in *United States v. Stephenson*, 183 F.3d 110, 122 (2d Cir.1999) ("*Stephenson I*"), *cert. denied*, 528 U.S. 1013, 120 S.Ct. 517, 145 L.Ed.2d 400 (1999), reversed one of the money-laundering counts (count 28) for insufficiency of the evidence, left the remaining counts undisturbed, and remanded "for whatever proceedings are appropriate," 183 F.3d at 113, and for "proceedings consistent with [our] opinion," *id.* at 122. This Court frequently remands with instructions to resentence a defendant when there has been an error in the calculation of his sentence, *see, e.g., United States v. Leonard*, 50 F.3d 1152, 1159 (2d Cir.1995) (remanding for evidentiary hearing as to acceptance of responsibility "and for resentencing"); *United States v. Monk*, 15 F.3d 25, 29 (2d Cir.1994) (vacating sentence and remanding "for resentencing"), or when there have been reversals of a substantial number of counts of conviction, *see, e.g., United States v. Blackmon*, 839 F.2d 900, 916, 917 (2d Cir. 1988) ("remand[ing] for reconsideration of sentencing" where "[t]he large number of reversed convictions ... persuade[d] us of the possibility that those convictions could have affected the concurrent sentences"); *United States v. Petrov*, 747 F.2d 824, 832 (2d Cir.1984) (remanding "for resentencing" where only six of 11 counts of convictions were affirmed). However, we have not always required resentencing where we were reversing just one of a number of counts, on which concurrent sentences had

been imposed. *See, e.g., United States v. Gaines,* 460 F.2d 176, 179 (2d Cir.1972).

As indicated by the above quotes, when we have believed resentencing necessary, our instructions have so stated explicitly. In *Stephenson I,* in contrast, in which just one of 17 counts of conviction, count 28, was reversed, we remanded simply "for whatever proceedings are appropriate," 183 F.3d at 113, and for "proceedings consistent with [our] opinion," 183 F.3d at 122. That language did not foreclose resentencing; but it did not indicate that resentencing was necessary.

Consistent with our reversal in *Stephenson I,* the district court on remand entered an order dismissing Count 28 against Stephenson. *See* Docket Entry, April 17, 2000. Given that the sentence on count 28 had been imposed concurrently with that imposed for the other, undisturbed, money-laundering conviction, and that the money-laundering sentence was eight years shorter than the total sentence imposed on Stephenson, we conclude that the district court did not abuse its discretion either in refusing to reduce Stephenson's sentence or in so refusing without conducting a hearing.

We have considered all of Stephenson's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.