**UNITED STATES of America,**
**Appellee,**

v.

**Oscar Humberto LONDONO–JIMENEZ,**
**aka Adolfo Gonzalez, aka Umberto**
**Saverdo, aka Carlos Grisaldes, aka**
**Samuel Flores, aka Gonzalez Adolfe,**
**aka Oscar Londono–Jimenez, aka Os-**
**car Ondono, aka Samuel Fuentes–**
**Flores, aka Diego Londonis, aka Car-**
**los Gonzalez, aka David Pacheco Mor-**
**ales, Defendant–Appellant.**

**Docket No. 01–1008.**

United States Court of Appeals,
Second Circuit.

Nov. 15, 2001.

Bobbi C. Sternheim, Rochman, Platzer, Fallick & Sternheim, New York, NY, for appellant.

Lawrence Gerschwer, Assistant United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present FEINBERG, OAKES, and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Defendant–Appellant Oscar Humberto Londono–Jimenez appeals from the judgment of conviction entered December 11, 2000 in the district court, following a guilty plea, upon a January 27, 1999 indictment charging Londono–Jimenez with one count of entering and being found in the United States after having been deported, subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the Attorney General, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

On appeal, Londono–Jimenez contends that, since he was arrested by state law enforcement authorities more than five years before the date of his indictment, his conviction is barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282.

"It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and, in the absence of a court-approved reservation of issues for appeal, waives all challenges to the prosecution except those going to the court's jurisdiction." *Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987) (internal citations omitted). A challenge to a conviction based on a statute of limitations does not fall under this exception. *See United States v. Doyle,* 348 F.2d 715, 718 (2d Cir.1965); *United States v. Hansel,* 70 F.3d 6, 7 (2d Cir.1995) (per curiam). Because Londono–Jimenez pleaded guilty, he is precluded from raising this issue on appeal. We therefore affirm the district court's judgment of conviction.

For the reasons set forth above, the judgment of the district court is AFFIRMED.