**UNITED STATES of America, Appellee,**

v.

**Johnny Alberto TAVAREZ, Defendant–Appellant.**

**Docket No. 01–1208.**

United States Court of Appeals, Second Circuit.

June 11, 2002.

Ramon W. Pagan, Bronx, NY, for Appellant.

Cheryl A. Krause, Ass't U.S. Att'y, SDNY, N.Y., NY, for Appellee.

Present KEARSE, McLAUGHLIN, Circuit Judges, and DANIELS, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and de-

* Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

creed that the judgment of said District Court be and it hereby is affirmed.

Defendant Johnny Alberto Tavarez appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Shirley Wohl Kram, *Judge*, convicting him of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and sentencing him principally to 240 months' imprisonment, to be followed by a five-year term of supervised release. On appeal Tavarez contends principally (1) that the district court erred in denying his request to withdraw his guilty plea on the ground that two of his former attorneys, Jeffrey Cohn and Ivan Fisher, had conflicts of interest, and (2) that his indictment was defective because it failed to provide adequate notice of the nature of the charge against him. An additional contention that Tavarez's sentence violated the principle announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), has been withdrawn in light of the recent decisions of this Court. Finding no merit in any of Tavarez's remaining contentions, we affirm.

"A defendant's Sixth Amendment right to the effective assistance of counsel includes the right to be represented by an attorney who is free from conflicts of interest. *See, e.g.,* [*Mickens v. Taylor*, —— U.S. ——, ——, 122 S.Ct. 1237, 1241, 152 L.Ed.2d 291, —— (2002) ]; *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981); *Holloway v. Arkansas*, 435 U.S. 475, 481–82, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). The right may be violated if the attorney has '(1) a potential conflict of interest that resulted in prejudice to the defendant, or (2) an actual conflict of interest that adversely affected the attorney's performance.'" *United*

*States v. Blount*, 291 F.3d 201 at 210–211 (2d Cir. May 30, 2002) (quoting *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994)). "'An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action.'" *United States v. Schwarz*, 283 F.3d 76, 91 (2d Cir.2002) (quoting *Winkler v. Keane*, 7 F.3d 304, 307 (2d Cir.1993) (internal quotation marks omitted), *cert. denied*, 511 U.S. 1022, 114 S.Ct. 1407, 128 L.Ed.2d 79 (1994)). A conflict may also be rooted in the attorney's representation of a person whose interests are antagonistic to those of his present client, *see, e.g., United States v. Levy*, 25 F.3d at 155–57.

A defendant has "no absolute right to withdraw his plea of guilty," *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir.2001) (internal quotation marks omitted), but instead "bears the burden of satisfying the trial judge that there are valid grounds for withdrawal," *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992) (internal quotation marks omitted). A motion to withdraw a guilty plea prior to the imposition of sentence may be granted if "the defendant shows any fair and just reason." *See* Fed.R.Crim.P. 32(e); *United States v. Karro*, 257 F.3d 112, 117 (2d Cir.2001). The district court's denial of such a motion is reviewed only for abuse of discretion. *See, e.g., United States v. Gregory*, 245 F.3d 160, 164 (2d Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 247, 151 L.Ed.2d 179 (2001). We see no such abuse here.

Tavarez contends principally that he should have been allowed to withdraw his guilty plea on the ground that Cohn, who represented him at his plea proceedings, had an actual conflict of interest because he was under investigation by the United States Attorney, or strongly be-

lieved that he was under investigation, for selling certain information. Throughout the course of the present case, however, the district court was alerted to and carefully considered the possibility that Cohn might have a conflict of interest. It conducted several hearings, including *Curcio* hearings (*United States v. Curcio,* 680 F.2d 881 (2d Cir.1982)) to determine the nature of the potential conflict and to determine whether Tavarez, after being informed of the potential conflict, wished to continue to be represented by Cohn. The court appointed counsel to advise Tavarez with respect to the potential conflict, and Tavarez proceeded to consult with several other attorneys over a three-week period. Tavarez ultimately informed the court that he wished to proceed with Cohn. At Tavarez's plea hearing, the court inquired as to whether Tavarez was satisfied with the assistance he had received from Cohn and offered to appoint other counsel to represent Tavarez at no cost for the remainder of the proceedings. Tavarez stated that he was satisfied with Cohn. In all the circumstances, it was well within the bounds of the district court's discretion to conclude that Tavarez's subsequent motion to withdraw his plea of guilty should be denied because insofar as Cohn had an actual or potential conflict, Tavarez had waived his right to conflict-free counsel and failed to show any fair and just reason for the withdrawal of his plea.

Tavarez's contention that Cohn's actual or potential conflict could not be waived is without merit. Although Tavarez eventually testified that Cohn's alleged criminal conduct extended to Tavarez himself, that assertion was made only at the eleventh hour, and it was well within the province of the district court to find that it was not credible.

■ Nor is there merit in Tavarez's contention that he should have been allowed to withdraw his plea on the ground that Fisher had a conflict of interest because Fisher, when he represented Tavarez, also represented Cohn. Assuming *arguendo* that the interests of Tavarez and Cohn were mutually antagonistic, Tavarez has not shown that Fisher's performance was deficient or in any way prejudiced him. Fisher was not Tavarez's attorney either at the time the plea of guilty was entered or at the time of sentencing, and Tavarez concedes that during the period in which he was represented by Fisher nothing happened.

In sum, the record shows no abuse of discretion in the district court's denial of Tavarez's motion to withdraw his plea of guilty.

■ Tavarez's additional contention that the indictment should have been dismissed because it failed to inform him of the nature of the alleged conspiracy, or because it was duplicitous and multiplicitous, is frivolous. The indictment alleged that "[i]t was a part and an object of the conspiracy that" Tavarez and others "would and did distribute and possess with intent to distribute five kilograms and more of . . . cocaine. . . ." The allegations that several specified overt acts were performed in furtherance of the conspiracy did not make the indictment either duplicitous or multiplicitous.

Tavarez also briefly makes various other arguments, asserting, *inter alia,* that he was the victim of selective prosecution and that the government's presentation to the grand jury was unfair. These arguments, even assuming they have not been waived by Tavarez's plea of guilty, *see, e.g., United States v. Hansel,* 70 F.3d 6, 8 (2d Cir.1995) (any error in grand jury proceedings is harmless in light of defendant's guilty plea), are meritless and do not require discussion.

We have considered all of Tavarez's contentions on this appeal and have found

them to be without merit. The judgment of the district court is affirmed.