09-3520-cr
United States v. Boyd

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
          AMALYA L. KEARSE,
          CHESTER J. STRAUB,
                    <u>Circuit Judges</u>.


- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

          <u>Appellee</u>,

          -v.-                                    09-3520-cr

CHRISTOPHER BOYD,

          <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**      ANTHONY J. LANA, Eoannou, Lana & D'Amico, Buffalo, NY.

**FOR APPELLEE:**       JOSEPH J. KARASZEWSKI, Assistant United States Attorney (KAREN ODDO, Law Clerk, on the brief), for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **VACATED** in part, and the case **REMANDED** for further proceedings.

Defendant-appellant Christopher Boyd appeals from a judgment of conviction entered on August 7, 2009. Pursuant to a plea agreement, Boyd pled guilty to criminal copyright infringement and to filing a false tax return, in violation of 18 U.S.C. § 2319(b)(1), 17 U.S.C. § 506(a)(1)(A), and 26 U.S.C. § 7206(1). He was sentenced to 46 months of incarceration, three years' supervised release, and was ordered to pay over $2 million in restitution. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Boyd argues that his trial counsel's performance was constitutionally ineffective because Boyd was not informed of relevant statutes of limitations, which circumscribed the conduct for which he could be charged. When an ineffective assistance claim is raised on direct appeal, we have three options: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 petition; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." United States v. Hasan, 586 F.3d 161, 170 (2d Cir. 2009) (brackets in original). "[I]n most cases [a habeas claim] is preferable to direct appeal for deciding claims of ineffective-assistance." Massaro v. United States, 538 U.S. 500, 504-05 (2003). However, we have addressed ineffective assistance claims on direct appeal when their resolution is "beyond any doubt" or to do so is "in the interest of justice." United States v. Matos, 905 F.2d 30, 32 (2d Cir. 1990).

It is in the interest of justice to consider Boyd's claims on direct appeal. Boyd argues in part that he agreed to pay restitution with respect to time-barred conduct without knowing that (absent his consent) the district court could impose restitution only for conduct within the limitations period. See United States v. Silkowski, 32 F.3d 682, 688-89 (2d Cir. 1994) (interpreting 18 U.S.C. §§ 3663-3664 as limiting restitution to loss caused by "specific conduct forming the basis for the offense of conviction," unless more extensive restitution is agreed to in a plea agreement). Restitution orders cannot be challenged through a habeas petition because a "monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement," even if raised in conjunction with a challenge to a sentence of imprisonment. See Kaminski v. United States, 339 F.3d 84, 87-88 (2d Cir. 2003) (quoting United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990)). To assess the effect on restitution, we must consider Boyd's claims on direct appeal.

[1] There is insufficient record for us to decide Boyd's ineffectiveness claim for the copyright infringement count. We remand to the district court to consider it first, with additional fact-finding on the restitution amount and the representation of Boyd, including: the timing of the acts of infringement; whether Boyd was aware of the statute of limitations; whether the issue was raised during plea negotiations; and whether Boyd would have insisted upon going to trial had he known about the limitations period.

The following considerations bear upon the remand:

First, the court must determine whether Boyd had a valid statute of limitations defense for the offense itself. Criminal copyright infringement under 18 U.S.C. § 2319(b)(1) involves ten or more copies of a protected work during any 180-day period, and has a five-year statute of limitations. See 18 U.S.C. § 3282(a). It seems unlikely, albeit possible, that Boyd's infringements all occurred before the limitations period;[1] if Boyd pled guilty to an offense for

---

[1] The limitations period is the five years before the filing of the information on February 9, 2009. Conduct as early as 180 days before February 9, 2004 may have been chargeable, however, because of the time period inherent in the offense. For example, if the first infringement

3

which he (unknowingly) had a valid affirmative defense, it is likely that his counsel's performance was deficient and that he suffered prejudice, though the performance would not be per se deficient. See United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995) (per curiam).[2]

Second, the Guidelines range is the same even if some acts were time-barred, because Boyd's infringement was ongoing. Acts that were "part of the same course of conduct or common scheme or plan as the offense of the conviction" are "relevant conduct" that is included in Guidelines calculations, even if the acts occurred prior to the limitations period. Silkowski, 32 F.3d at 687-88 (quoting U.S.S.G. § 1B1.3(a)(2)).

Third, an ineffective assistance claimant who pled guilty must show a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Other circuits have interpreted Hill strictly, reasoning that without a reasonable probability of insistence upon trial, a defendant's claim that he could have negotiated a better plea deal cannot establish the requisite prejudice for an ineffectiveness claim. See, e.g., Short v. United States, 471 F.3d 686, 696-97 (6th Cir. 2006); Bethel v. United States, 458 F.3d 711, 720 (7th Cir. 2006). We have not yet considered this "better plea deal" argument, but the record should be developed to determine whether Boyd's claim presents the issue.

---

occurred 180 days before February 9, 2004 and the tenth occurred on February 9, 2004, one could argue that the offense was committed within the limitations period--when it was completed on February 9. The parties can brief the issue on remand if it affects the timeliness of the count.

[2] For example, Boyd's counsel may have used the (hypothetically) time-barred copyright count as a negotiating tool to secure a better overall plea deal, by offering excessive restitution (from the time-barred copyright count) to minimize the sentence length (from the timely tax count). The Hansel court hinted at such a possibility, but had no occasion to elaborate because the defendant pled guilty without a plea agreement. Hansel, 70 F.3d at 8.

4

**[2]** Boyd's ineffective assistance claim for the false tax return count has no merit. The statute of limitations for filing a false tax return, in violation of 26 U.S.C. § 7206(1), is six years. <u>See</u> 26 U.S.C. § 6531(5). The information was filed on February 9, 2009; it alleged that Boyd filed four false tax returns beginning on or around April 15, 2003; therefore, all returns were filed within the six-year limitations period.

We have considered the remainder of Boyd's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED** for the false tax return count and **VACATED** for the copyright infringement count. The case is **REMANDED** for proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK