**Norman HSU, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 07 Cr. 1066(VM), 12 Civ. 7886(VM).**

United States District Court, S.D. New York.

July 16, 2013.

Norman Hsu, Milan, MI, pro se.

Joshua Arditi Naftalis, U.S. Attorney's Office, New York, NY, for Respondent.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

In a superseding indictment filed on December 9, 2008, the Government charged defendant Norman Hsu ("Hsu") with: (a) five counts of mail fraud in violation of 18 U.S.C. §§ 1341, 1342; (b) five counts of wire fraud in violation of 18 U.S.C. §§ 1341, 1342; and (c) four counts of campaign finance fraud in violation of 2 U.S.C. §§ 441f, 437g(d)(1)(A). The Government alleged that Hsu had engaged in two related schemes: (a) a Ponzi scheme to defraud investors and (b) a campaign finance fraud scheme through which Hsu reimbursed individuals who made political contributions in order to raise his public profile so as to attract more investors for the Ponzi scheme.

Hsu pled guilty without a plea agreement on May 7, 2009 to the ten mail and wire fraud counts. Of these, one mail fraud count ("Count One") and one wire fraud count ("Count Six") related to conduct alleged to have occurred on January 11, 2000. Alan Seidler ("Seidler") represented Hsu during the course of the action. At the plea allocution, Hsu acknowledged that: (a) the maximum possible sentence was twenty years for each count for a total maximum sentence of two-hundred years, Plea Hr'g Tr. at 11:14–15, May 7, 2009, Dkt. No. 48; (b) any predictions from Seidler or others about his actual sentence were not guarantees, *id.* at 13:6–11; and (c) he was voluntarily pleading guilty nonetheless, *id.* at 20:9–11. Hsu proceeded to trial on the remaining four counts of campaign finance fraud.

At trial, four witnesses—Yau Cheng, Martin Waters, Steve Kwon, and Nicole Chorvat—testified who were victims of the Ponzi scheme, but had no connection to the allegations of campaign finance fraud (the "Ponzi Witnesses"). They testified to the Ponzi scheme and referenced Hsu's past fraud conviction in California. Six witnesses—Suzanne Rafaelli, Hsin–Ping Chang, Susan Chilman, Marina Paw, Winkle Paw, and Solange Sandy (collectively, the "Straw Donors")—testified who were victims of the Ponzi scheme, but who also made campaign contributions as part of Hsu's campaign finance fraud. Each of these witnesses had previously entered into a non-prosecution agreement with the Government. The jury charge informed

the jury of these agreements, *see* Trial Tr. at 752:12–20, May 18, 2009, Dkt. No. 46; and their possible influence on the witnesses' credibility, *id.* at 753:1–7.

Although Hsu's crimes were subject to both forfeiture and mandatory restitution under 18 U.S.C. § 3663A, the Court ultimately agreed with the Government that restitution was inappropriate. *See* Endorsed Letter of the United States, *Hsu v. United States*, No. 07 Cr. 1066 (S.D.N.Y. Nov. 27, 2007), Dkt. No. 85. The Government argued that forfeiture provided for sufficient compensation to the victims. *Id.* Furthermore, the Government argued that identifying Hsu's victims and their specific loss amounts for purposes of restitution would have been an extremely time-intensive process that could have delayed sentencing. *Id.* Hsu was sentenced to 240 months' imprisonment for each of the ten mail and wire fraud counts, to run concurrently, as well as an additional 52 months' imprisonment for each of the four campaign finance fraud counts, also to run concurrently. *See* Judgment, *Hsu v. United States*, No. 07 Cr. 1066 (S.D.N.Y. Nov. 27, 2007), Dkt. No. 72.

Hsu appealed his case to the Second Circuit, raising several arguments including that: (a) Count One and Count Six were time-barred and (b) that the testimony of the four Ponzi Witnesses was improperly admitted. The Second Circuit (a) held that Hsu waived his rights to assert a statute of limitations defense when he pleaded guilty and (b) found no error in the admission of the testimony. *See United States v. Hsu*, 669 F.3d 112, 123 (2d Cir.2012).

On October 22, 2012, Hsu moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his plea, sentence, and conviction. *See* Def.'s Mot., *Hsu v. United States*, No. 12 Civ. 7886 (S.D.N.Y. Oct. 22, 2012), Dkt. No. 1.

## I. LEGAL STANDARD

Defendants in federal custody may move to vacate, set aside, or correct their sentence if it was imposed in violation of "the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As Hsu is a pro se litigant, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must construe Hsu's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted).

## II. DISCUSSION

Hsu alleges that he was deprived of the effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. Specifically, Hsu alleges that Seidler's representation was constitutionally deficient for four reasons: (1) Seidler failed to inform Hsu that two counts of the indictment were time-barred and failed to object to those counts, *see* Def.'s Mot. at 6, 9; (2) Seidler failed to object to testimony pertaining to Hsu's mail and wire fraud during the campaign finance fraud trial, rendering Hsu's guilty plea not knowing and voluntary because Hsu would have wanted to proceed to trial on all counts, *see id.* at 10–17; (3) Seidler failed to request that a "paid informant instruction" be included in the jury charge, *see id.* at 20–21; and (4) Seidler underestimated the potential length of Hsu's sentence if he pled guilty, making Hsu's guilty plea not knowing and voluntary because he would not have pled guilty if he had an accurate assessment of his potential sentence, *see id.* at 22–23. Hsu also raises an additional argument that his sentence was

improperly calculated because the Court imposed a sentencing enhancement for the large number of his victims, yet failed to impose mandatory restitution pursuant to 18 U.S.C. § 3663A. *See id.*, at 7–8.

## A. THE INEFFECTIVE ASSISTANCE CLAIMS

In order to prevail on an ineffective assistance of counsel claim, the defendant must demonstrate two things. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and "overcome the presumption that defense counsel's actions might be considered sound trial strategy," *id.* at 689, 104 S.Ct. 2052 (internal quotation marks omitted). An attorney's performance is given a strong presumption of effectiveness, as courts recognize a "wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. Second, the defendant must also "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94, 104 S.Ct. 2052. A defendant who pled guilty must therefore show a reasonable probability that, "but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." *United States v. Boyd*, 407 Fed. Appx. 559, 561 (2d Cir.2011) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

## 1. THE TIME–BARRED COUNTS

■ Title 18 United States Code Section 3282 provides that unless "otherwise expressly provided" by law, the Government must bring an indictment within five years after an offense is committed. Neither 18 U.S.C. § 1341 nor 18 U.S.C. § 1343 provide an alternate statute of limitations. Normally, a defendant waives any statute of limitations claims by pleading guilty. *See United States v. Hsu*, 669 F.3d 112, 117–18 (2d Cir.2012) (*quoting Hayle v. United States*, 815 F.2d 879, 881 (2d Cir. 1987)). However, the defendant may still bring ineffective assistance claims based on counsel's failure to inform the defendant of the time-barred counts or to object to those counts. *See United States v. Hansel*, 70 F.3d 6, 7–8 (2d Cir.1995). The Second Circuit has found ineffective assistance where counsel fails to object to time-barred counts without the strategic considerations related to the negotiation of a plea agreement. *Id.* at 8. Prejudice arises when a defendant pleads guilty to "time-barred counts that would have been dismissed, if his attorney had acted competently" because the court "may assume that [a defendant] would not have pled guilty to counts that he knew to be time-barred." *Id.*; *see also United States v. Boyd*, 407 Fed.Appx. 559, 561 (2d Cir. 2011). However, the Second Circuit has also held that resentencing is not required when vacating one count of a defendant's multiple-count conviction where the defendant is serving concurrent sentences such that the defendant's total time of imprisonment would not be affected by the vacated or reversed count. *See Castranovo v. United States*, No. 97 Civ. 3781, 2000 WL 222859, at *2 (S.D.N.Y. Feb. 10, 2000); *see also United States v. Novod*, 927 F.2d 726, 729 (2d Cir.1991); *United States v. Hernandez*, 730 F.2d 895, 899 (2d Cir.1984); *United States v. Stephenson*, 1 Fed.Appx. 91, 92–93 (2d Cir.2001).

■ Although the Court agrees with Hsu that Seidler's alleged failure to inform

him that Count One and Count Six were time-barred would constitute ineffective assistance under *Strickland* and *Hill,* the Court finds that his request for a resentencing hearing should nonetheless be denied. As in *Hansel,* Hsu pled guilty without a plea agreement, allegedly without Seidler informing him that there were time-barred counts in the indictment. Seidler also failed to object to those counts. In *Hansel,* the Second Circuit found no possible strategic reason for counsel's failure to object in the absence of a plea agreement. *See Hansel,* 70 F.3d at 7. Hsu has also affirmatively proved prejudice by showing that, but for Seidler's conduct, he would not have pled guilty to the time-barred counts. *See Hill,* 474 U.S. at 59, 106 S.Ct. 366.

Because of Hsu's concurrent 240 month sentence for each of the ten mail and wire fraud counts, vacating Counts One and Six would result in no change to his overall sentence. In these circumstances, the Court will deny Hsu a resentencing hearing. Although this situation did not occur in *Hansel,* the Second Circuit has repeatedly held that it and the district courts have discretion not to resentence defendants in these circumstances. *See Novod* 927 F.2d at 729; *see also Stephenson* 1 Fed.Appx. at 92–93. Thus, Hsu's request for a resentencing hearing is denied.

## 2. *THE PONZI SCHEME TESTIMONY*

■ A § 2255 petition "cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" *United States v. Sanin,* 252 F.3d 79, 83 (2d Cir.2001) (*quoting Cabrera v. United States,* 972 F.2d 23, 25 (2d Cir.1992)); *see also Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993) ("[A]ny claim raised by [petitioner] . . . that was also raised . . . on direct appeal of his conviction is precluded from consideration by this Court."). This so-called "mandate rule bars re-litigation of issues already decided on direct appeal," as well as "issues impliedly resolved by the appellate court's mandate." *Yick Man Mui v. United States,* 614 F.3d 50, 53 (2d Cir.2010). Counsel's failure "to object to evidence that was properly admitted at trial" naturally cannot constitute ineffective assistance, since such conduct would not fall below the *Strickland* standard of reasonableness. *See United States v. Peirce,* Nos. 06 Cr. 1032, 11 Civ. 2526, 2011 WL 4001071, at *4 (S.D.N.Y. Aug. 30, 2011).

■ Hsu's claim regarding the testimony of the Ponzi Witnesses was explicitly decided by the Second Circuit on direct appeal and is therefore barred from collateral review. *See Hsu,* 669 F.3d at 119–20. Since the Second Circuit held that the Ponzi Witnesses' testimony was properly admitted, Hsu cannot prevail on his argument that Seidler's failure to object was unreasonable under *Strickland* and his guilty plea remains knowing and voluntary.

## 3. *THE PAID INFORMANT INSTRUCTION*

■ Under *Strickland,* "failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a defendant is] entitled." *Forbes v. United States,* 574 F.3d 101, 106 (2d Cir.2009). When determining whether counsel's failure to object to a jury charge was unreasonable, "the court must assess whether, at the time when the court delivered the jury charge, precedent supported a reasonable probability that a higher court

would rule in [the] defendant's favor." *Bouyea v. United States*, 263 F.Supp.2d 403, 411 (D.Conn.2003) (*quoting Bloomer v. United States*, 162 F.3d 187, 193 (2d Cir.1998) (internal quotation marks omitted)). No Second Circuit precedent provides support for the argument that a paid informant instruction is warranted when witnesses were not paid to testify.

The Straw Donors were not paid to testify at Hsu's trial. Hsu's argument that the witnesses' non-prosecution agreements with the Government made them paid informants lacks any precedent in the Second Circuit. Since there was no reasonable probability that a higher court would find a paid informant instruction warranted during Hsu's trial, Seidler's failure to seek the paid informant instruction was not ineffective assistance. Furthermore, the Court explicitly instructed the jury that these witnesses entered non-prosecution agreements with the Government and that the jury should therefore scrutinize the witnesses' motivations and credibility with special care.

## 4. *THE SENTENCE ESTIMATE*

 Errors in counsel's predictions of a defendant's ultimate sentence under the United States Sentencing Guidelines generally do not constitute ineffective assistance of counsel because such predictions are, by nature, only guesses or estimates. *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989). Where a defendant is arguing that "counsel has misled him as to the possible sentence which might result from a plea of guilty, the issue is whether the defendant was aware of actual sentencing possibilities." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir.2005) (*quoting Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir.1992)). Any

allegations a defendant makes in a § 2255 petition "cannot overcome his contrary statements under oath during a plea allocution, which must be given presumptive force of truth." *See United States v. Hernandez*, 242 F.3d 110, 112–13 (2d Cir.2001) (per curiam); *see also United States v. Juncal*, 245 F.3d 166, 171 (2d Cir.2001).

 Under *Sweeney*, Seidler's estimates of Hsu's possible sentence cannot be the basis for an ineffective assistance claim since any representations an attorney makes as to possible sentences are estimates. Furthermore, at his plea allocution, Hsu acknowledged that he faced a maximum possible sentence of twenty-years imprisonment for each of the ten mail and wire fraud counts and that his maximum possible sentence for ten counts was therefore two-hundred years. Hsu also stated that he had discussed the U.S. Sentencing Guidelines with Seidler and that any estimate or prediction as to his sentence was not a guarantee since the trial court had discretion to determine the sentence. Based on Hsu's statements, he was aware of the range of sentencing possibilities he faced after pleading guilty. Thus, his ineffective assistance claim based on Seidler's sentencing estimates cannot prevail. Since there was no ineffective assistance, Hsu's argument that his guilty plea should be withdrawn because it was not knowing and voluntary as a result of ineffective assistance also fails.

## B. *THE RESTITUTION CLAIM*

The Mandatory Victim Restitution Act provides "that the court shall order" defendants convicted of "any offense committed by fraud or deceit" to "make restitution to the victim of the offense." 18 U.S.C. § 3663A. However, mandatory restitution will not apply where

(A) the number of identifiable victims is so large as to make restitution impracticable; or (B) determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

18 U.S.C. § 3663A(3). Additionally, "to the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order." 18 U.S.C. § 3663(a)(1)(B)(ii).

 The Court declined to order restitution in Hsu's case because it agreed with the Government's argument that identifying Hsu's victims and their loss amounts would be a lengthy and fact-intensive determination that would delay and burden the sentencing process. The Court had the discretion to decline ordering restitution in the circumstances where Hsu's victims were already being compensated through forfeiture. Thus, Hsu's argument that he should be resentenced because of the Court's failure to order restitution under the Mandatory Victim Restitution Act cannot prevail.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 1) of defendant Norman Hsu to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **GRANTED** in part and **DENIED** in part.

As Seidler's failure to object to the time-barred counts, Count One and Count Six, constitutes ineffective assistance, Hsu's motion to vacate his conviction for Count One and Six is **GRANTED**. However, as a resentencing hearing would have no effect on the length of his overall sentence, Hsu's request for a resentencing hearing is **DENIED.**

As Hsu has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Court would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

The Clerk of Court is directed to terminate any-pending motions and to close this case.

**SO ORDERED.**