20-178-cv
Rifenburg v. Kijakazi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-two.

PRESENT:
   **MICHAEL H. PARK,**
   **WILLIAM J. NARDINI,**
   **MYRNA PÉREZ,**
    *Circuit Judges.*

_____

**Summer Lynn Rifenburg,**

   *Plaintiff-Appellant*,

  v.           **20-178**

**Kilolo Kijakazi, Acting Commissioner of Social Security,**

   *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Summer Lynn Rifenburg, *pro se*, Wellsville, NY. |
| **FOR DEFENDANT-APPELLEE:** | Graham Morrison, Special Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for |

the Western District of New York; Ellen E. Sovern, Regional Chief Counsel – Region II, Office of the General Counsel, Social Security Administration, New York, NY.

Appeal from a November 12, 2019 judgment and December 5, 2019 order of the United States District Court for the Western District of New York (Larimer, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Summer Lynn Rifenburg, proceeding *pro se*, has received Supplemental Security Income ("SSI") benefits since 1991.   In January 2015, the Social Security Administration (the "SSA") sent Rifenburg notice that her SSI benefits would be reduced because the SSA had overpaid her from 2012 to 2015 by $591.98.   According to the SSA, Rifenburg had worked at Lone Star Fajita Grill ("Lone Star") during this time without reporting her income.   But according to Rifenburg, she had worked there only one day and made less than twenty dollars, and any other income attributed to her was the result of identity theft.   In some circumstances, if the recipient of SSI benefits is not at fault for an overpayment, then the overpayment can be waived.   *See* 20 C.F.R. § 416.550(a).   Rifenburg requested a waiver because she believed that she was not at fault for the overpayment.   The Commissioner of Social Security (the "Commissioner") denied her request, so Rifenburg requested a hearing before an administrative law judge (the "ALJ").   The ALJ agreed with the Commissioner that Rifenburg was at fault for the overpayment, so overpayment could not be waived.   Rifenburg then filed a civil action in the district court challenging the Commissioner's decision.   The district court granted judgment on the pleadings in favor of the Commissioner, reasoning that substantial evidence supports the ALJ's conclusion.   Rifenburg moved for

2

reconsideration and the district court denied the motion. On appeal, Rifenburg challenges the ALJ's determination that she was at fault for the overpayment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    Judgment on the Pleadings

We review *de novo* a district court's judgment on the pleadings. *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). When the judgment upholds a determination by the Commissioner, we conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (internal quotation marks omitted). Under the "very deferential" substantial evidence standard, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Rifenburg contends that the ALJ refused to consider evidence she submitted. Under the Social Security Act, "[w]henever the Commissioner of Social Security finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual[.]" 42 U.S.C. § 1383(b)(1)(A). Overpayment of SSI benefits must be recovered from an individual unless, among other conditions, the individual was without fault in connection with the overpayment. 20 C.F.R. § 416.550(a). An individual is "at fault in connection with an overpayment when an incorrect payment resulted from":

3

> (a) Failure to furnish information which the individual knew or should have known was material;
>
> (b) An incorrect statement made by the individual which he knew or should have known was incorrect . . . , or
>
> (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

*Id*. § 416.552. The claimant bears the burden of establishing that she was not at fault for an overpayment. *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984).

Substantial evidence supports the ALJ's determination that Rifenburg was at fault for the overpayment. The administrative record shows that Rifenburg earned wages from October 2012 to January 2015 at Lone Star, a restaurant owned by Ronald Cauley. Contrary to Rifenburg's assertion, the ALJ considered the evidence she submitted—the ALJ simply did not find it credible, and we defer to that determination on appeal. *See Selian v. Astrue*, 708 F.3d 409, 420 (2d Cir. 2013) ("[A]n ALJ's credibility determination is generally entitled to deference on appeal."); *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record."). Although Rifenburg testified that she had worked for only one day at the restaurant and was the victim of identity theft, the ALJ found that she lacked credibility and gave more weight to other evidence in the record. In particular, the ALJ relied on Cauley's statement in a letter to the ALJ that Rifenburg worked at Lone Star for three hours a week for two and a half years. Cauley's account is corroborated by other evidence in the record— Rifenburg's earnings on file with the IRS and the SSA—which show that Rifenburg earned wages from Lone Star over a period of two and a half years. Accordingly, substantial evidence supports the ALJ's determination, as a reasonable factfinder would not "have to conclude otherwise." *Brault*, 683 F.3d at 448 (emphasis omitted).

4

II.     Reconsideration

The district court did not abuse its discretion by denying reconsideration. We review an order denying reconsideration for abuse of discretion. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Rifenburg fails to do so here. Her motion for reconsideration merely reargued issues she had previously raised in her opposition to the motion for judgment on the pleadings. The district court did not abuse its discretion by denying the motion. *See id.* ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

We have considered all of Rifenburg's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5