**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4324

SAM CLARK SLAUGHTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
W. Earl Britt, Senior District Judge.
(CR-97-13-BR)

Submitted: February 16, 1999

Decided: April 21, 1999

Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Farris A. Duncan, Goldsboro, North Carolina, for Appellant. Jane J.
Jackson, OFFICE OF THE UNITED STATES ATTORNEY,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sam Clark Slaughter appeals his jury convictions, of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), and distribution of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (1994). His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying Slaughter's motion for a list of the grand jurors who considered his indictment. Slaughter filed a supplemental pro se brief arguing that the court erred in allowing an accomplice witness and a government informer to testify against him in exchange for reductions in sentence.

In 1996, Slaughter was arrested during a sting operation in which Slaughter and Michael Scott Gillis met an undercover police officer at a pre-determined location, and Gillis sold 101.2 grams of crack cocaine to the officer. A federal grand jury returned a two-count indictment against Slaughter, and a jury convicted Slaughter of both offenses, for which he was sentenced to thirty years' imprisonment.

Slaughter argues that the district court erred in denying his motion for a list of the female grand jurors who considered his indictment. Slaughter requested the list because he allegedly received information that one of the police officers involved in the investigation was married to a member of the grand jury. In support of his motion, Slaughter cited the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-1868 (1994); United States v. Curry, 993 F.2d 43 (4th Cir. 1993); and Test v. United States, 420 U.S. 28 (1975). The motion was referred to a magistrate judge, who denied it. In denying the motion, the magistrate judge determined that there was no authority for disclosing names of grand jurors on the basis that one juror might be prejudiced against the defendant. Instead, the authority cited by Slaughter relates to a defendant's challenge to the entire jury selection process. Even so, believing that Slaughter's motion raised legitimate concerns, the magistrate judge reviewed the juror questionnaires of all female members of the Greenville grand jury and determined that none was married to a police officer. Slaughter asserts, however, that

2

he should be granted a new trial because he was denied the right to conduct his own investigation.

A party requesting the names of grand jurors must make a strong showing of a particularized need. See United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995) (citing United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983)). In this case, the magistrate judge investigated the allegations of juror bias and determined they were unfounded. Slaughter's desire to conduct his own investigation fails to present the particularized need necessary to support his request. Consequently, the magistrate judge properly denied Slaughter's motion.

Slaughter next argues that the court erred in allowing an accomplice witness and a government informer to testify against him in exchange for reductions in sentence. Slaughter claims that the district court wrongfully allowed testimony from Reginald Miles and Michael Scott Gillis in violation of 18 U.S.C.A. § 201(c)(2) (West Supp. 1998).* However, "[a]s the Fifth Circuit has stated, `[n]o practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises a reduced sentence.'" United States v. Reid, 19 F. Supp.2d 534, 537 (E.D. Va. 1998) (quoting United States v. Cervantes-Pacheco, 826 F.2d 310, 315 (5th Cir. 1987)). "[C]ourts uniformly hold that such a witness may testify so long as the government's bargain with him is fully ventilated so that the jury can evaluate his credibility." Cervantes-Pacheco, 826 F.2d at 315. Government informers are permitted to testify under the same standards. See id.

During Slaughter's trial, Miles, a government informer who met Slaughter in jail, and Gillis, a co-conspirator and accomplice in Slaughter's drug sales, testified against Slaughter. The jury was fully informed of how both witnesses stood to benefit from testifying. Gillis was a party to a plea bargain in which his sentence would be reduced in exchange for truthful testimony against Slaughter. Miles had acted as a government informer under a prior plea agreement, and he volunteered his testimony against Slaughter in the hope that he might receive a further sentence reduction. Because there was appro-

_____

*This statute addresses bribery of public officials and witnesses.

3

priate disclosure to the jury of the circumstances under which Gillis and Miles testified, the testimony was proper.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Jones' convictions. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4