Filed 3/23/16  P. v. Johnson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078869 |
| Plaintiff and Respondent, | (Super. Ct. No. SF110193A) |
| v. | |
| MARQUE JOHNSON, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

An indictment returned by grand jury on November 20, 2008, in San Joaquin County Superior Court alleged that on or about September 26, 2008, defendant Marque Johnson took personal property from Dolores Prieto, an employee of U.S. Bank, by means of force or fear (Pen. Code, § 211),[1] and that defendant personally used a handgun

---

[1] Undesignated statutory references are to the Penal Code.

in the commission of the offense (§ 12022.53, subd. (b)). The indictment further alleged that defendant had suffered two serious prior felony convictions (§ 667, subd. (a)), one prior strike (§§ 667, subds. (b)-(i), 1170.12), and one prior prison term (§ 667.5, subd. (b)).

At the time of the grand jury proceedings, defendant was not in custody. The trial court issued an arrest warrant on November 21, 2008.

On October 30, 2013, defendant was arraigned on the outstanding charges and entered a plea of not guilty.

On January 21, 2015, defendant pleaded no contest to second degree robbery and admitted personal use of a firearm; the remaining allegations were stricken pursuant to the plea agreement. The parties stipulated that the grand jury transcript provided the factual basis for the plea.

The grand jury transcript showed that, on September 26, 2008, defendant and another man, both displaying guns, robbed a U.S. Bank branch inside a Safeway in San Joaquin County, California. After obtaining the sum of $4,225 ($2,180 from the cash drawer of branch manager Dolores Prieto & $2,045 from the cash drawer of Assistant Branch Manager Natalie Ryan), the two men fled the scene. They got into a car in the parking lot, driven by a female. The car had been rented the previous day by a female and was returned after the robbery. The female was later identified as defendant's wife.

Defendant waived referral to probation and agreed to be sentenced immediately. Pursuant to the plea agreement, the trial court sentenced defendant to 12 years in state prison, consisting of two years (the low term) for the offense, plus 10 years for the firearm enhancement. The court awarded defendant 518 days of presentence custody credit (450 actual days & 68 conduct days). The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) with a $30 surcharge, a $300 suspended parole revocation restitution fine (§ 1202.45), a $38 theft related fee (§ 1202.5), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal. The trial court granted a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief, raising two claims: (1) his appellate counsel provided ineffective assistance by refusing to raise meritorious issues, and (2) the grand jury proceedings that led to defendant's indictment violated due process because the grand jury was allowed to convene beyond its legal life span of 18 months. We are not persuaded.

As we shall explain, defendant fails to show that appellate counsel refused to raise any meritorious issue or performed ineffectively in any other way. But even if appellate counsel had done so, defendant cannot show prejudice because the *Wende* procedure provides a remedy for any failings of appellate counsel. Under *Wende*, if counsel reports that he or she cannot find any arguable issues, this court must then review the entire record, as well as any supplemental brief the defendant may file. (*Wende, supra*, 25 Cal.3d at pp. 441-442.) If we detect any issues that are potentially helpful to the defendant, we direct counsel to brief them. Thus, the defendant cannot suffer any bad consequence from appellate counsel's initial failure or refusal to brief an issue.

Turning to the merits of defendant's ineffective assistance argument, defendant asserts, citing *Thompson v. United States* (11th Cir. 2007) 504 F.3d 1203, that "counsel . . . did not consult defendant on his right to appeal[,] [n]or did defendant give up his right to appeal." To support this claim, defendant attaches a letter from appellate counsel that urges defendant to contact her about various questions relating to the notice of appeal defendant filed in propria persona. So far as we understand defendant's

3

contention, this letter does not support it.  On the contrary, it shows that appellate counsel conscientiously performed her duty to communicate with defendant about his appeal.  (If by "counsel" defendant means his *trial* counsel, he fails to explain how anything trial counsel did or failed to do could support his contention that *appellate* counsel was ineffective.  Nor does he explain how any action or inaction by trial counsel caused him prejudice.)  The federal case defendant cites, in which the appellant's trial counsel failed to file an appeal on the appellant's behalf, is inapposite.

Defendant asserts, citing *United States v. Hansel* (2d Cir. 1995) 70 F.3d 6, that "counsel failed to raise statute of limitation."  Defendant fails to cite any particular statute of limitation or explain how it might apply to this case.  Because defendant has not made any developed argument on this point, we need not consider it further.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793 (*Stanley*).)

Lastly, defendant asserts, citing federal case law and the Federal Rules of Civil Procedure, that the grand jury in this case convened beyond the 18-month term during which federal grand juries are authorized to operate.  However, defendant cites no authority holding that *state* grand juries, such as the one that indicted him, are bound by federal rules and case law, and we know of none.  Nor does defendant cite any record evidence that shows how long the grand jury in this case operated.  For want of developed argument and apposite authority, this point is forfeited.  (*Stanley, supra*, 10 Cal.4th at p. 793.)  Therefore we need not consider whether defendant may raise this issue for the first time on appeal after having entered into a plea agreement, or whether he can show prejudice from any possible procedural irregularity.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

    /s/
_____
Blease, Acting P. J.

We concur:


    /s/
_____
Hull, J.


    /s/
_____
Murray, J.